**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Darrell James Hill, | No. CV 09-1957-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| DNA Medical Staffing, LLC, et al., | |
| Defendant. | |

Currently pending before the Court are Defendants DNA Medical Staffing, LLC, David Nguyen, and Angelica Nguyen's Motion to Dismiss Case for Insufficient Service of Process, (Dkt.#13), Defendants Secretary of the Treasury and Commissioner of the Social Security Administration ("the Federal Defendants") Motion to Dismiss for Lack of Jurisdiction, (Dkt.#22), and Plaintiff Darrell James Hill's Motion for Default Judgment as to DNA Medical Staffing, (Dkt.#11), Motion for Issuance of Writ of Execution, (Dkt.#12), Motion for FRCP Rule 7.1 Disclosure Statement, (Dkt.#16), Emergency MOTION for Declaratory Judgment, (Dkt.#17), and Motion for Extension of Time for Response for Not Getting Dkt. #24, (Dkt.#26). After reviewing the record and determining oral argument unnecessary, the Court issues the following Order.

Plaintiff Darrell James Hill brought this lawsuit against DNA Medical Staffing, LLC, the Secretary of the Treasury as representative of the Internal Revenue Service, the Social

Security Administration Commissioner as representative of the Commissioner for the Social Security Administration, David Nguyen, and Angelica Nguyen. Hill's claims arise out of allegations that DNA Medical Staffing, LLC, David Nguyen and Angelica Nguyen, who are private employers or agents of a private employer, violated Plaintiff Hill's various federal statutory and constitutional rights by requiring him to submit a social security number as part of the hiring process. Specifically, Plaintiff claims that being forced to carry a social security number is akin to carrying the "mark of the beast," and that by forcing Hill to use a social security number in the context of employment, both the private and federal Defendants have violated his rights under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e, the Free Exercise Clause of the First Amendment to the United States Constitution, and the Religious Freedom Restoration Act of 1993, 42 U.S.C. §§ 2000bb through 2000bb-4 ("RFRA"). Plaintiff requests relief in the form of damages totaling $500,000.00, an injunction and a writ of mandamus preventing the federal government from enforcing the federal statutes requiring Plaintiff to obtain and use a social security number in the context of employment.

Hill's substantive claims are hardly novel. Federal courts have seen a number of challenges to the mandatory provision of social security numbers by individuals who believe that social security numbers are the "sign of the beast" or otherwise run counter to religious precepts; none of these challenges have been successful. See Sutton v. Providence ST. Joseph Med. Hosp. Ctr., 192 F.3d 826 (9th Cir. 1999); Miller v. Reed, 176 F.3d 1202 (9th Cir. 1999). In fact, the instant lawsuit is virtually identical to two lawsuits Hill has filed before other Judges in the District of Arizona, Hill v. Promise Hospital of Phoenix, Inc., No. CV-09-1958-PHX-JAT and Hill v. Premier Healthcare Services, LLC, No. CV-09-1956-PHX-DGC. In Hill v. Premier Healthcare Services, Judge David G. Campbell conclusively addressed several of Hill's substantive allegations. Judge Campbell, in ruling on a motion to dismiss filed by a would-be private employer of Hill, dismissed with prejudice the claims Hill had made under 42 U.S.C. § 1983, RFRA and Title VII related to the use of a social security number as part of the company's hiring process. See Hill v. Premier Healthcare Services, No. CV-09-1956-PHX-DGC, (Dkt.#16). As Judge Campbell noted,

"[t]he Ninth Circuit has clearly held that an employer . . . does not violate Title VII, and does not become a state actor for purposes of § 1983 or the Religious Freedom Restoration Act, when it complies with state and federal tax withholding requirements [and requires an employee or job applicant to produce a social security number]. Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 830 (9th Cir. 1999)." See id. at Dkt.#24, p. 2.[1] Because the legal duties owed by DNA Medical Staffing, LLC, David Nguyen, and Angelica Nguyen are indistinguishable from those owed by the private defendants in Hill v. Premier Healthcare Services, the Court sees no reason to depart from the Judge Campbell's well reasoned Order, which determined that Hill's claims against a would-be employer lacked legal merit. As such, Hill's claims against DNA Medical Staffing, LLC, David Nguyen, and Angelica Nguyen fail as a matter of law. Because the allegations raised against these private Defendants lack a cognizable legal theory, the Court see no reason to address any of the issues related to Plaintiff Hill's allegedly unsuccessful attempt to serve process upon DNA Medical Staffing, LLC, David Nguyen, and Angelica Nguyen.

With respect to Hill's claims against the Federal Defendants, to survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), Hill's "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atl. Corp. v.

---

[1] In Sutton v. Providence St. Joseph Medical Ctr., 192 F.3d 826, 830 (9th Cir. 1999), a hospital did not hire the plaintiff after he refused to provide his social security number during the hiring process because he believed that a social security number is the "mark of the beast" prophesied in the Book of Revelations, Chapters 13 and 14. Id. at 830-31. The plaintiff sued the hospital claiming, among others, violations of Title VII, RFRA and the First Amendment. The Ninth Circuit acknowledged that under federal law, all employers are required to withhold ceratin income taxes and social security taxes, and submit a report to the Internal Revenue Service as to each individual employee, and that such reports require identification of the employee by social security number. The court held that an employer is not liable under Title VII when accommodating an employee's religious beliefs would require the employer to violate federal or state law. Because requiring the hospital to accommodate the employee by waiving the mandatory provision of a social security number would lead the hospital to violate federal and state laws, it would cause "undue hardship" as a matter of law.

Twombly, 550 U.S. 544, 570 (2007). "Threadbare recitals . . . supported by mere conclusory statements, do not suffice." Iqbal, 129 S.Ct. at 1949. After carefully reviewing Hill's Amended Complaint, the Court notes that it is not altogether clear what specific factual allegations Hill has raised against the Secretary of the Treasury and Commissioner of the Social Security Administration. When construed in the light most favorable to Hill, the claims contained in the Amended Complaint against the Federal Defendants appear to be no more than general objections—based on Hill's religious beliefs—to being assigned a social security number by the federal government, as Hill's Amended Complaint is replete with arguments that mandating social security numbers violates the First Amendment along with a myriad of federal statutes.

Assuming Hill's claims against the Federal Defendants are best characterized as general objections to the mandatory assignment and use of a social security number, these types of arguments have been foreclosed by the U.S. Supreme Court in Bowen v. Roy, 476 U.S. 693 (1986). In Bowen, the High Court rejected an attempt to prevent the government from requiring the issuance of a social security number, reasoning that "[t]he Free Exercise Clause simply cannot be understood to require the Government to conduct its own internal affairs in ways that comport with the religious beliefs of particular citizens," and concluding that an individual "may no more prevail on his religious objection to the Government's use of a Social Security number . . . than he could on a sincere religious objection to the size or color of the Government's filing cabinets." Id. at 699-700. In light of the holding of Bowen, Hill's claims against the Federal Defendants must be similarly rejected as lacking legal merit.[2]

---

[2] In addition, the Court notes that Hill's request for the Court to issue an injunction and writ of mandamus preventing the Federal Defendants or their agents from enforcing federal laws requiring Hill to obtain and use a social security number in the employment context is barred by the Anti-Injunction Act, 26 U.S.C. § 7421. See Hansen v. Dep't of Treasury, 528 F.3d 597, 600-02 (9th Cir. 2007) ("the Anti-Injunction Act precludes federal jurisdiction . . . unless [a plaintiff] is able to satisfy the judicially created exception to the Act by demonstrating (1) irreparable injury if his case is not heard, and (2) certainty of success on

1     **Accordingly,**

2     **IT IS HEREBY ORDERED** dismissing Plaintiff's Amended Complaint with
prejudice and directing the Clerk to close this case and enter judgement accordingly.

    **IT IS FURTHER ORDERED** denying as moot all of the pending Motions that have been filed by Plaintiff Darrell James Hill or Defendants DNA Medical Staffing, LLC, David Nguyen, Angelica Nguyen, the Secretary of the Treasury, and Commissioner of the Social Security Administration. (Dkt.##11,12,13,16,17,22,26.)

    DATED this 3rd day of June, 2010.

*[signature]*

Mary H. Murguia
United States District Judge

---

the merits.").